IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**VARICK TYRONE DAVIS**                                                                **PLAINTIFF**

V.                                              CIVIL ACTION NO. 1:15-cv-73-JCG

**NATHAN ROSS ELLSBERRY et al.**                                        **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT DUE TO PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES, DENYING PLAINTIFF'S MOTION FOR SANCTIONS, AND DENYING PLAINTIFF'S MOTION FOR NONCOMPLIANCE

BEFORE THE COURT is the Complaint filed by Plaintiff Varick Tyrone Davis, a postconviction inmate presently serving his sentence at the Harrison County Adult Detention Center in Gulfport, Mississippi (HCADC). Plaintiff is proceeding *pro se* and *in forma pauperis*. He alleges that Defendants were deliberately indifferent and failed to protect him by housing him, a non-violent offender, in a cell with two violent offenders, who then brutally assaulted him. Defendants Nathan Ross Ellsberry, Aaron Lee Hoyt, Bruce Lee Simmons, and Jeffrey Russell Frye, in their official and individual capacities, have filed a Motion for Summary Judgment, alleging that Plaintiff's suit must be dismissed because Plaintiff failed to exhaust available administrative remedies before filing suit in federal court. (ECF No. 31).

Defendants' Motion for Summary Judgment has been fully briefed, and an omnibus hearing, which also operated as a *Spears* hearing,[1] was held on October 26, 2015. Because Plaintiff did not fully exhaust HCADC's inmate grievance program

---

[1] *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985).

before filing suit, this action must be dismissed. Defendants' Motion to Summary Judgment will be granted. Plaintiff's Motion for Sanctions (ECF No. 37) and "Motion for Noncompliance" (ECF No. 38) will be denied.

BACKGROUND

On March 12, 2015, Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights under the Eighth Amendment while he was incarcerated at HCADC. (ECF No. 1). Plaintiff submits that nonviolent offenders at HCADC are dressed in black and white, and violent offenders are dressed in red and white. *Id.* He maintains that it is HCADC's policy not to house nonviolent offenders in cells with violent offenders. *Id.*

Plaintiff maintains that on November 28, 2014, he was dressed in black and white, denoting that he was a nonviolent offender, but he was nevertheless housed in a cell with two violent offenders who were dressed in red and white. *Id.* Plaintiff stated at the omnibus hearing that he was moved into a cell in the "lockdown" section because he was talking during a shakedown. Plaintiff alleges that "[a]s soon as Officer Simmons left me locked in the cell with these two violent offenders, they noticed that their two-person cell was being crammed with a third inmate and they immediately and viciously attacked me." *Id.* at 5.

Plaintiff was taken to Memorial Hospital in Gulfport as a result of his injuries from the attack. (ECF No. 41-2, at 1). Upon his return to HCADC that same day, he was placed in a "lock down cell" and requested to see a psychologist or psychiatrist. (ECF No. 1, at 6). He reported having "extreme feelings of fear,

anxiety, and worry" and was placed on suicide watch from 5:00 p.m. on November 30, 2014, until 8:57 a.m. on December 1, 2014. (ECF No. 1, at 6-7; ECF No. 41, at 1; ECF No. 41-2, at 5-6). On December 1, 2014, Plaintiff requested to be taken off of suicide watch so that he could "get my clothes." (ECF No. 41-2, at 3). He reported that he was "scared about the two red & whites attacking me again. . . . Yeah I'm going to be fine. I'm ready to go back to the black now." *Id.*

Defendants have produced Plaintiff's grievance records at HCADC. (ECF No. 31-1, 5-24). Defendants have provided an affidavit from Jennifer Moran, the grievance officer at HCADC, as well as a copy of the administrative grievance procedures for inmates at HCADC. *Id.* at 1-4. As detailed below, Plaintiff's suit must be dismissed because Plaintiff did not exhaust HCADC's inmate grievance program before filing suit.

## DISCUSSION

A. <u>Summary Judgment Standard</u>

Summary Judgment is mandated against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party has the burden of proof at trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating a motion for summary judgment, the Court must construe "all

3

facts and inferences in the light most favorable to the non-moving party." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012).

B.  <u>Plaintiff Failed to Exhaust Administrative Remedies</u>

Under the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321, H.R. 3019 (codified as amended in scattered titles and sections of the U.S.C.), prisoners are required to exhaust available administrative remedies before filing a conditions-of-confinement lawsuit:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The PLRA's exhaustion requirement protects administrative agency authority, promotes efficiency, and produces "a useful record for subsequent judicial consideration." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). A prisoner's failure to exhaust available administrative remedies undermines these purposes.

> The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules. A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction . . . .

*Id.* at 95.

Exhaustion "is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time." *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010). Dismissal is mandatory where a prisoner fails to properly exhaust available administrative remedies before filing suit in federal court. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). "[J]udges may resolve factual disputes concerning exhaustion without the participation of a jury." *Dillon,* 596 F.3d at 272.

HCADC has implemented an inmate grievance program, a formal grievance mechanism that all inmates are required to utilize before filing a lawsuit regarding alleged staff misconduct and violations of civil, constitutional, or statutory rights. (ECF No. 31-1, at 4). The inmate grievance program is a three-step process. Inmates are required to initially submit their grievance from a computer kiosk that digitally stores the grievance on a server at HCADC. *Id.* at 2, 4. If the inmate is unsatisfied with the response to the grievance, he may continue to the second step, and if unsatisfied with the second step response, he may continue to the third step. *Id.* at 4. Step two and step three grievances are completed on paper forms only. *Id.* at 2. The proper respondent at step two is the deputy warden and at step three, the warden. *Id.* at 4. A final decision is made by the warden. If the inmate is not satisfied with the warden's response, he may file suit. *Id.*

Plaintiff has filed numerous first-step grievances at HCADC, but he has not filed a grievance with regard to the subject matter of his Complaint. *Id.* In his Complaint form, Plaintiff was asked whether he presented the facts relating to his

Complaint to the grievance program at his institution. (ECF No. 1, at 3). Plaintiff responded that his "claims were presented verbally to several members of administration" on December 5, 2014. *Id.*

Verbal complaints and other informal means of complaint are not "proper exhaustion." *Woodford,* 548 U.S. at 95; *Zebrowski v. U.S. Fed. Bureau of Prisons,* 558 F. App'x 355, 360 (5th Cir. 2014)(finding letter sent to senator irrelevant); *Macias v. Zenk,* 495 F.3d 37, 43 (2d Cir. 2007)(finding informal requests do not excuse failure to formally exhaust prison grievance program). Regardless of whether Plaintiff's informal complaints put prison officials on notice of his grievance, Plaintiff was required to formally, procedurally exhaust HCADC's inmate grievance program through step three before filing suit in federal court. *See Macias,* 495 F.3d at 43.

Plaintiff did file a grievance on December 2, 2014, that refers to the November 28, 2014, attack, but it concerns alleged threats made after the attack by Officer Scott, who is not a defendant. The grievance provides [all sic in original]:

> To who it may concern, last night i was threatened by c/o Scott in front of several witnesses!!! He seems to have taken offence with me regarding the incident last eek where i was inadvertently locked in a cell with two violent inmates. He told me that i better watch myself, and that he knew what happened last week. Its bad enough that I must fear for my saftey because of untrained incompitant new staff but i surely should not have to worry about repricussions from jail staff for standing up for my right to be protected rom the violent inmates housed here.

(ECF No. 31-1, at 5-6).

Plaintiff received a first step response to this grievance around January 27, 2015, but Plaintiff did not proceed to step two by filing a paper-form grievance for the deputy warden's review. *Id.* at 2-3, 6. Plaintiff has not proceeded to step two or step three with respect to any of the numerous grievances he has filed at HCADC. *Id.* at 2-3.

In response to Defendants' Motion for Summary Judgment, Plaintiff offers reasons why he contends that he was not required to exhaust the inmate grievance program. Plaintiff asserts that he was unable to access a kiosk machine because he was placed on suicide watch and "from that point forward, had know [sic] access to the keyott [sic] machine to exhaust any remedies, nor formal information." (ECF No. 41, at 2). This argument is unavailing because a log detailing Plaintiff's activity for the period of time that Plaintiff was on suicide watch shows that Plaintiff visited a kiosk at 2004 hours on November 30, 2014. (ECF No. 42, at 2). Further, Plaintiff was only on suicide watch for one day. Under HCADC's inmate grievance program, an inmate has thirty days after an incident to report the incident. (ECF No. 31-1, at 4). Plaintiff filed numerous grievances during the thirty-day period following the November 28, 2014, attack but none regarding the attack itself or complaining about the actions of any Defendants.

Section 1997e's exhaustion requirement is satisfied only if the prisoner "pursue[s] the grievance remedy to conclusion." *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). Plaintiff cannot maintain a suit founded on any claim that he presented only in step one, with completing steps two and three. *See Wilson v.*

7

*Epps*, 776 F.3d 296, 301 (2015) (citations omitted). Because Plaintiff failed to exhaust his administrative remedies with respect to the allegations in his Complaint, Plaintiff's suit is barred by 42 U.S.C. § 1997e(a) and must be dismissed.

C.  <u>Plaintiff's Motion for Sanctions and Motion for Noncompliance Should Be Denied</u>

Plaintiff has filed a Motion for Sanctions (ECF No. 37) and a "Motion for Noncompliance" (ECF No. 38). On October 26, 2015, the Court issued a Show Cause Order, ordering Plaintiff to file a response to Defendants' Motion for Summary Judgment. (ECF No. 33). Plaintiff responded to the Show Cause Order by informing the Court that he did not receive a copy of Defendants' Motion for Summary Judgment or a copy of an email that Defendants were to provide him. (ECF No. 34).

To promptly remedy the matter, the Court provided Plaintiff with a copy of Defendants' Motion for Summary Judgment and the email, and granted Plaintiff additional time to respond to Defendant's Motion for Summary Judgment. (ECF No. 35). Plaintiff subsequently filed the Motion for Sanctions and "Motion for Noncompliance."

Plaintiff requests monetary sanctions against defense counsel and moves the Court to "dismiss the Defense Counselor's Summary Judgment Motion and proceed with the proceeding in favor of the plaintiff." (ECF No. 38, at 2). Plaintiff's Motions will be denied. The Court finds no intentional conduct on the part of Defendants in not providing Plaintiff with a copy of Defendants' Motion or email. Any omission was done in error and inadvertently. Plaintiff was not harmed by the delay, as he

has been given ample opportunity to respond to and offer evidence in response to Defendant's Motion for Summary Judgment.

## CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendants' Motion for Summary Judgment Due to Plaintiff's Failure to Exhaust Administrative Remedies (ECF No. 31) is **GRANTED**. All of Plaintiff's claims are dismissed without prejudice. A separate final judgment will be entered as instructed by Federal Rule of Civil Procedure 58.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff's Motion for Sanctions (ECF No. 37) is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff's "Motion for Noncompliance" (ECF No. 38) is **DENIED**.

**SO ORDERED**, this the 12th day of August, 2016.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE